TIMOTHY P. JOHNSON (BAR NO. 66333)
**LAW OFFICES OF TIMOTHY P. JOHNSON**
17821 E. 17TH STREET, SUITE 290
TUSTIN, CALIFORNIA 92780
TELEPHONE: (714) 832-1170
FACSIMILE: (714) 832-1179
E-MAIL: tjohnson@johnson-chambers.com

Attorneys for Defendants BRONSON & MIGLIACCIO, LLP and DAVID V. WEINER

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIE BONILLA, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>BRONSON & MIGLIACCIO, LLP, an entity of unknown form; CACH, LLC, an entity of unknown form; DAVID V. WEINER, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 08 CV 1175 JM POR<br><br>**ANSWER TO DEFENDANTS BRONSON & MIGLIACCIO, LLP AND DAVID V. WEINER TO PLAINTIFF'S COMPLAINT** |

    Defendants, BRONSON & MIGLIACCIO, LLP and DAVID V. WEINER, for themselves and for no other defendants, answer as follows:

**INTRODUCTION**

    1. Answering paragraph 1 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

**JURISDICTION**

    2. Answering paragraph 2 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

**PARTIES**

3. Answering paragraph 3 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

4. Answering paragraph 4 of the Complaint, defendants admit the allegations contained therein.

5. Answering paragraph 5 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

6. Answering paragraph 6 of the Complaint, defendants admit the allegations contained therein.

7. Answering paragraph 7 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

8. Answering paragraph 8 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Answering paragraph 9 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

10. Answering paragraph 10 of the complaint, defendants BRONSON & MIGLIACCIO, LLP and DAVID WEINER sent the letter that is attached as Exhibit A to the complaint. As to the balance of this paragraph, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

11. Answering paragraph 11 of the complaint, defendants admit that plaintiff sent the letter that is attached as Exhibit B to the complaint. As to the balance of this paragraph, defendants are without knowledge or information to form a belief as to the truth of the allegation contained

therein, and on that basis deny each and every allegation therein.

12. Answering paragraph 12 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

13. Answering paragraph 13 of the complaint, defendants admit that BRONSON & MIGLIACCIO, LLP sent the letter attached as Exhibit C to the complaint.  As to the balance of this paragraph, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

14. Answering paragraph 14 of the complaint, defendants admit that BRONSON & MIGLIACCIO, LLP sent the letter attached as Exhibit D to the complaint.  As to the balance of this paragraph, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

15. Answering paragraph 15 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

16. Answering paragraph 16 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF THE FAIR DEB COLLECTION PRACTICES ACT**

**(As to All Defendants)**

**(15 U.S.C. §§1692 et seq.)**

17. Answering paragraph 17 of the Complaint, defendants are without knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis deny each and every allegation therein.

19. Answering paragraph 18 of the Complaint, defendants deny the allegations contained therein.

20. Answering paragraph 19 of the Complaint, defendants deny the allegations

-3-
Case No. 08 CV 1175 JM POR                                             ANSWER TO COMPLAINT

contained therein.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### (As to Defendant CACH ONLY)

### (Cal.Civ. Code §§1788 et seq.)

21. This claim is not directed to the responding parties.

22. This claim is not directed to the responding parties.

23. This claim is not directed to the responding parties.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

The complaint and each cause of action contained therein fails to state facts sufficient to constitute causes of action as to these answering defendants.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

The complaint and each cause of action contained therein is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate)

At all times material herein, plaintiff failed and neglected to mitigate her damages, so as to reduce and/or diminish her claim.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

These answering defendants are informed and believe and on such basis allege that plaintiff is guilty of laches and that each and every cause of action within the complaint should fail because plaintiff has inexcusably and unreasonably delayed the commencement of her action against these defendants and is estopped from asserting her actions as a result thereof.

///

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

These answering defendants are informed and believe that the complaint and each and every cause of action contained therein fails because of these answering defendants' reasonable reliance on the acts or omissions of plaintiff, whereby the plaintiff is now estopped from asserting the claims in her complaint against these answering defendants.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims against these answering defendants are expressly barred as a result of plaintiff's unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault of Third Parties)

If plaintiff suffered or sustained any damage or injury, either as alleged in the complaint, or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and damages of plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities, whether or not parties to this action.

## EIGHTH AFFIRMATIVE DEFENSE

(Comparative Fault)

If plaintiff suffered or sustained any damage or injury, either as alleged in the complaint or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault and unlawful conduct of plaintiff, and damages of plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Any violations of law, if any occurred, resulted from a bona fide error despite the maintenance of procedures reasonably adopted to avoid any such error.

///

### **TENTH AFFIRMATIVE DEFENSE**

These answering defendants are informed and believe that the complaint and each and every cause of action contained therein fails because plaintiff has waived her claims against these answering defendants.

WHEREFORE, these answering defendants pray for judgment as follows:

1. Plaintiff take nothing by reason of the complaint;
2. These answering defendants be dismissed with prejudice;
3. For costs of suit incurred herein;
4. For reasonable attorney's fees incurred herein; and
5. For such other relief as the Court deems just and proper.

Dated: August 7, 2008

**LAW OFFICES OF TIMOTHY P. JOHNSON**

By: /S/ Timothy P. Johnson
    TIMOTHY P. JOHNSON
    Attorneys for Defendants BRONSON &
    MIGLIACCIO, LLP and DAVID V. WEINER

Tpj:cww/bonilla/pleadings/001

**PROOF OF SERVICE BY MAIL**
C.C.P. §1013(a), C.R.C. 2003(3), 2005(I)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 17821 E. 17th Street, Suite 290, Tustin, California 92780.

On August 8, 2008, I served the foregoing document described as **ANSWER TO DEFENDANTS BRONSON & MIGLIACCIO, LLP AND DAVID V. WEINER TO PLAINTIFF'S COMPLAINT** on all interested parties in this action by:

✓   placing __ the original ✓ a true copy thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

✓   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on the same day with postage thereon fully prepaid at Tustin, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

__   **BY FACSIMILE TRANSMISSION:** From Fax No. (714) 832-1179 to the facsimile numbers listed on the attached mailing list. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.

__   **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

✓   **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

__   **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on August 8, 2008 at Tustin, California.

　　　　　　　　　　　　　　　　　　　　　　/S/ Carol W. Wiese
　　　　　　　　　　　　　　　　　　　　　　CAROL W. WIESE

*Bonilla v. Bronson & Migliaccio, LLP, et al.*
**USDC, Case No. 08 CV 1175 JM POR**

### MAILING LIST

| | |
|---|---|
| Deborah L. Raymond, Esq. (Bar No. 173528)<br>LAW OFFICES OF DEBORAH L. RAYMOND<br>445 Marine View Avenue, Suite 305<br>Del Mar, CA 92075<br>(858) 481-9559 | Attorney for Plaintiff JOSIE BONILLA |